IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| WELLBORN ALEXANDER, <br> TDCJ-CID No. 02006739, <br><br> Plaintiff, <br><br> v. <br><br> JAMES SUTTERFIELD, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | 2:19-CV-155-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT AND DENYING INJUNCTIVE RELIEF

This matter comes before the Court on Plaintiff's amended civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed October 17, 2019 (ECF No. 9) ("Amended Complaint") and Motion for Preliminary Injunction (ECF No. 15) ("Motion for Preliminary Injunction"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Amended Complaint is **DISMISSED** and his Motion for Preliminary Injunction is **DENIED**.

### FACTUAL BACKGROUND

By his Amended Complaint, Plaintiff complains of his housing in the Chronically Mentally Ill section of the Clements Unit of TDCJ. *See* ECF No. 9, at 2-3. Plaintiff argues he is not mentally ill and does not take any medications for mental illness. *Id.*, at 3. Plaintiff filed grievances concerning his housing assignment and he claims the grievances did not resolve the issue. *Id.* Plaintiff claims that the Defendants acted with deliberate indifference under the Eighth

Amendment by housing him in the Chronically Mentally Ill unit. *Id.*, at 4. Plaintiff asserts the housing caused him mental and emotional distress. *Id.*, at 5.

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

A federal court may issue a preliminary injunction to protect a movant's rights until his or her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). To obtain a preliminary injunction, a movant must prove "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt Country,*

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

2

*Texas*, 921 F.3d 440, 451 (5th Cir. 2019) (citations omitted). A preliminary injunction is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted), *cert. denied*, 134 S. Ct. 1789 (2014). The party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018). In the event that Plaintiff's claims are frivolous, his request for injunctive relief will also fail. *See Landry*, 909 F.3d at 106 (no likelihood of success on the merits will lead to denial of injunctive relief).

### ANALYSIS

Plaintiff's seeks injunctive relief to force Defendants to "cease" any mental health treatment of the Plaintiff. *See* ECF No. 9, at 5. Additionally, his Motion for Preliminary Injunction (ECF No. 15) seeks to halt the future administration of any psychiatric medications to Plaintiff by Defendants. Plaintiff's Amended Complaint does not allege that he was medicated against his will, but rather that he was housed in a mentally ill unit when he is not mentally ill. *See* ECF No. 9, at 1-5. Plaintiff has not articulated what, if any, medication he is being forced to take in his request for injunctive relief; in fact, it appears he is asking to prevent future distribution of medication, not halt any present distribution. *See* ECF No. 15. Because Plaintiff's underlying merits claim is frivolous, his request for injunctive relief must be **DENIED**.

Plaintiff's original Complaint alleges that when Plaintiff complained of his housing in the Chronically Mentally Ill section of the Clements Unit, he was told he requested the housing assignment. *See* ECF No. 3, at 5. Additionally, attached to his original Complaint are the grievances filed concerning this issue. Plaintiff's medications were apparently discontinued at his request. *Id.*, at 9. Plaintiff does not indicate any medical treatment that was forced upon him, but

rather complains only of his housing assignment continuing after he no longer wanted to be in the program that he himself apparently requested. *See* ECF No. 9; *see also* ECF No. 3, at 9. Plaintiff was housed in the Chronically Mentally Ill unit after mental health treatment ceased, which is his primary complaint. *See* ECF No. 3, at. 9.

Because the crux of Plaintiff's entire Amended Complaint concerns housing in a mental health unit without any need for mental health treatment — which is not a constitutional violation — his Amended Complaint must be dismissed.

The Eighth Amendment protects inmates from "the wanton and unnecessary infliction" of injury that results in "pain without any penological purpose" or an "unquestioned and serious deprivation of basic human needs." *See Gunther v. Dalton*, 396 Fed. Appx 105, 107 (5th Cir. 2010) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The Constitution does not mandate comfortable prisons and "to the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. Simply put, the Constitution does not afford protection against mere discomfort or inconvenience. *See Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989). Although Plaintiff references emotional and mental distress because of his housing assignment, there is no constitutional right to a stress-free environment while incarcerated. *See Cupit v. Jones*, 835 F.2d 82, 84 (5th Cir. 1987). Plaintiff's claim that his housing classification and housing assignment constituted forced mental health "treatment" is frivolous, and his claim that such housing was unconstitutional is likewise frivolous.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Amended Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice as frivolous. Plaintiff's Motion for Preliminary Injunction is **DENIED**.

**SO ORDERED.**

June 14, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE